```
1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4
      450 Golden Gate Avenue, Tenth Floor
5     San Francisco, California 94102
      Telephone:    (415) 436-6909
6     Facsimile:    (415) 436-6748
      Email: jonathan.lee@usdoj.gov
7
   Attorneys for Federal Defendants
8  UNITED STATES OF AMERICA;
   F. M. HOFFSCHNEIDER
9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E. K. WADE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; F. M. HOFFSCHNEIDER,<br><br>    Defendant. | No. C 06-2346 CRB<br><br>**RELATED TO:**<br>06-2925 CRB<br>06-1963 CRB<br>05-5361 CRB<br>05-4960 CRB<br>06-4593 CRB<br>06-4828 CRB<br><br>[PROPOSED] **ORDER GRANTING MOTION TO DISMISS ACTION 06-4828**<br><br>Date:  February 9, 2007<br>Time:  10:00 a.m.<br>Place:  Courtroom 8, 19th Floor<br>Before: Honorable Charles R. Breyer |

For good cause shown, the Court hereby grants the motion.

(1)    The motion to dismiss the claims in the Complaint is granted. All of the causes of action in the complaint allege money damages should be awarded to plaintiff for

Proposed ORDER ON MOTION TO DISMISS

C 06-4828 CRB                                      -1-

violations of federal constitutional, statutory or regulatory provisions. The Federal Tort Claims Act (FTCA) is the exclusive jurisdictional basis for tort damage type lawsuits against the United States. The FTCA does not include a waiver of sovereign immunity for constitutional tort claims. *Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA does not include a waiver of sovereign immunity for claims based on breaches of federal statutes cannot be remedied under the FTCA. *Roundtree v. U.S.*, 40 F.3d 1036, 1038 (9th Cir. 1994); *Delta Savings Bank v. U.S.*, 265 F.3d 1017, 1024-27 (9th Cir. 2001), *cert. denied by Kim v. U.S.*, 435 U.S. 1082 (2002).

(2) In addition, this Court lacks subject matter jurisdiction to review a Department of Veterans Affairs' determination of veteran disability benefits under 38 U.S.C. § 511 and the Veteran's Judicial Review Act of 1988, 38 U.S.C. §§ 7251-7298.

(3) Defendant F.M. Hoffschneider is dismissed. A suit for money damages against the Federal government can only be brought against the United States. *See* 28 U.S.C. § 2679(a) (1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (per curiam) (the United States is the only proper party defendant in an FTCA action). There is no *Bivens* claim possible. *Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995).

Therefore, plaintiff's claims must be dismissed.

**SO ORDERED.**

Dated: March 16, 2007

Hon. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE